**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ERIC NSIAH**,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**ANDREW SAUL**, *in his official capacity as*<br>*Commissioner of Social Security*,<br><br>　　　　　　　　Defendant. | Case No. 1:19-cv-00042 (TNM) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Eric Nsiah seeks reversal of the decision of the Commissioner of Social Security[1] to deny his application for disability benefits and supplemental income. The case was referred to Magistrate Judge G. Michael Harvey, who recommended that the Court grant Nsiah's motion for judgment of reversal in part and remand his case to the agency. The Commissioner objects. The Court will adopt the Magistrate Judge's Report and Recommendation ("R&R") in full and remand this matter to the Social Security Administration for further administrative proceedings.

The Commissioner objects to the Magistrate Judge's recommendation (1) that the Administrative Law Judge ("ALJ") did not adequately explain and account for Nsiah's moderate limitation in concentration, persistence, or pace, and (2) that the record did not establish that

---

[1] Andrew Saul is substituted for Nancy A. Berryhill, former Acting Commissioner of Social Security, as the Defendant in this suit. *See* Fed. R. Civ. P. 25(d).

Nsiah could perform the work described in the residual functional capacity ("RFC").  Def.'s

Objs. to R. & R. ("Def.'s Objs.") at 1, ECF No. 19.[2]

The Court finds that the R&R properly rejected the Commissioner's arguments.[3]  As the

R&R states, the ALJ's decision did not address how Nsiah's moderate limitation in the ability to

maintain concentration, persistence, or pace affected his RFC with no substance abuse.  R. & R.

at 31–32, ECF No. 18.  And limiting "a claimant's work to 'simple, routine, repetitive and

unskilled tasks'" is generally not sufficient to "capture[] the claimant's moderate mental

limitations in concentration, persistence, or pace."  *Petty v. Colvin*, 204 F. Supp. 3d 196, 206

(D.D.C. 2016) (cleaned up).  This is so because "the ability to perform simple tasks differs from

the ability to stay on task," and "[o]nly the latter limitation would account for a claimant's

limitation in concentration, persistence, or pace."  *Id.* (cleaned up).

The ALJ gave only "[s]ome weight" to the lone mention of an expert opinion stating that

Nsiah "could maintain concentration, persistence, and pace for two hours at a time" because it

was rendered before "additional evidence was added to the file" that "support[ed] greater

limitations."  Administrative R. at 28, ECF No. 12-2.  Importantly, that expert opinion pre-dated

Nsiah's post-traumatic stress disorder ("PTSD") diagnosis.  *See id.*  The Court cannot determine

in the first instance whether Nsiah can complete simple, routine, and unskilled work despite his

moderate limitations in maintaining concentration, persistence, or pace because there is

insufficient evidence in the record.  *See* R. & R. at 34 ("There is not, for example, opinion

---

[2]  All page citations are to the page numbers that the CM/ECF system generates.

[3]  The Court rejects the Commissioner's initial contention that Nsiah waived his argument that
the ALJ failed to explain how the RFC determination accounted for his moderate limitation in
maintaining concentration, persistence, or pace.  *See* Def.'s Objs. at 2.  While Nsiah's argument
was "not particularly well-developed," R. & R. at 31, ECF No. 18, the Court finds that the
paragraph he devoted to the issue is sufficient to avoid waiver.

evidence directly addressing [Nsiah's] ability to sustain concentration, persistence, or pace based solely on his depression and PTSD, which was not diagnosed until May 2016."). To be clear, it may well be that Nsiah is not in fact entitled to disability benefits. But the ALJ's decision has not adequately demonstrated this.

The two out-of-circuit decisions on which the Commissioner relies are not to the contrary. *See* Def.'s Objs. at 5. In *Hess v. Commissioner*, the Third Circuit explained that "a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in "concentration, persistence, or pace' if "the ALJ offers a 'valid explanation.'" 931 F.3d 198, 211 (3d Cir. 2019). It emphasized that "[t]he relationship between 'simple tasks' limitations and 'concentration, persistence, or pace' is a close one" because "such limitations directly encompass and anticipate a minimal level of ability in that functional area." *Id.* at 212. The court decided that the ALJ there offered a "valid explanation" because "the ALJ explained at length and with sound reasoning why [the claimant's] 'moderate' difficulties in 'concentration, persistence, or pace' were not so significant that [the claimant] was incapable of performing 'simple tasks.'" *Id.* at 213.

In *Shinaberry v. Saul*, the Fourth Circuit stressed there was no "categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." 952 F.3d 113, 121 (4th Cir. 2020). *Shinaberry*, like *Hess*, acknowledged that "an ALJ can explain why a claimant's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the claimant's RFC." *Id.* (cleaned up). The court ultimately found that substantial evidence supported the ALJ's decision because the ALJ "sufficiently explained why the mental limitation to simple, routine, and

repetitive tasks accounted for [the claimant's] borderline intellectual disability and her moderate limitations in her concentration, persistence or pace." *Id.*

Unlike in *Hess* and *Shinaberry*, the ALJ here did not provide an adequate explanation. Instead, "the ALJ relied primarily on evidence in the record that [Nsiah's] general ability to function improved when he was not using PCP, focusing on [Nsiah's] ability to understand and apply information, to interact with others, and to manage himself—but not his ability to maintain concentration, persistence, or pace." R. & R. at 32–33. The ALJ's discussion does not provide the Court with "the effect of [Nsiah's] sobriety on his ability to sustain focused attention and concentration." *Id.* at 33. Simply put, the ALJ "did not *explicitly or implicitly* address how [Nsiah's] moderate limitation in the ability to maintain concentration, persistence, or pace affected his RFC." *Id.* at 32 (emphasis added). The Court is thus unpersuaded by the Commissioner's reliance on *Hess* and *Shinaberry*.

* * *

For these reasons, the Magistrate Judge's Report and Recommendation will be adopted in full and incorporated by addendum to this Memorandum Opinion. Nsiah's Motion for Judgment of Reversal will be granted as to his request for remand, but his request for reversal will be denied. The Commissioner's Motion for Affirmance will be denied. A separate Order will issue today.

Dated: February 3, 2021                              _____
                                                     TREVOR N. McFADDEN, U.S.D.J.